

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

ENTERED
03/28/2017

| | | |
|---|---|---|
| IN RE: | § | |
| LA FUENTE HOME HEALTH SERVICES, | § | CASE NO: 14-70265 |
| INC. | § | |
|     Debtor | § | |
| | § | CHAPTER  11 |
| | § | |
| LA FUENTE HOME HEALTH SERVICES, | § | |
| INC. | § | |
|     Plaintiff | § | |
| | § | |
| VS. | § | ADVERSARY NO. 16-7012 |
| | § | |
| SYLVIA MATHEWS BURWELL, *et al* | § | |
|     Defendants | § | JUDGE EDUARDO V. RODRIGUEZ |

## MEMORANDUM OPINION
## DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
## AND APPLICATION FOR PERMANENT INJUNCTVE RELIEF
## AND/OR
## <u>ALTERNATIVELY FOR SUMMARY JUDGMENT</u>
### [*Resolving ECF No. 19*]

### I.      INTRODUCTION

Pending before the Court is a single motion self-styled as "Motion of Defendant Sylvia Mathews Burwell, Secretary Of The United States Department Of Health And Human Services, to Dismiss Plaintiff's Complaint and Application for Permanent Injunctive Relief and/or Alternatively for Summary Judgment," that was filed on August 9, 2016. [ECF No. 19] (the "***Motion***").  In her Motion, Sylvia Mathews Burwell, as Secretary of the United States Department of Health and Human Services ("***HHS***"), seeks to dismiss the instant adversary proceeding pursuant to Fed. R. Civ. P. 12(b)(1) or, alternatively, Fed. R. Civ. P. 56.  *See generally id.*  The Court conducted an evidentiary hearing on the Motion on September 21, 2016, at which time both parties presented their arguments, but neither sought to admit any evidence.

In consideration of the arguments presented in the hearings on these matters, all other evidence in the record, and relevant case law, for the reasons stated in this Memorandum Opinion, this Court determines that Defendant's Motion should be denied.

## II.    FINDINGS OF FACT

This Court makes the following Findings of Fact and Conclusions of Law pursuant to Fed. R. Bankr. P. 7052, which incorporates Fed. R. Civ. P. 52, and 9014.  To the extent that any Finding of Fact constitutes a Conclusion of Law, it is adopted as such.  To the extent that any Conclusion of Law constitutes a Finding of Fact, it is adopted as such.

On May 9, 2014, La Fuente Home Health Services, Inc. ("*La Fuente*") filed its voluntary petition, as a small business, for bankruptcy under chapter 11, title 11 of the United States Code.[1] *See* [Case No. 14-70265, ECF No. 1].  In its schedules, La Fuente stated that Palmetto GBA, L.L.C. ("*Palmetto*"), as "[c]ollecting for Medicare," held an unsecured claim, albeit disputed, for $720,126.63, placing Palmetto among the creditors with the 20 largest claims.  *Id.* at 32, 43.  La Fuente also disclosed a series of setoffs by Palmetto that amounted to $41,358.21 between March 1, 2014 and April 15, 2014.  *Id.* at 38.  Finally, La Fuente included Palmetto in the creditors matrix.  *Id.* at 44–45.

On July 21, 2014, La Fuente filed its amended Schedule F providing for Palmetto[2] holding the same claim as in its original Schedule F.  *Compare* [ECF No. 21 at 1] *with* [ECF No. 1 at 32].  Shortly thereafter, La Fuente filed its combined Disclosure Statement and chapter 11 Plan, but a certificate of service was not filed of record.  [ECF No. 30] (respectively, the "*Disclosure Statement*" and the "*Plan*"); *.c.f.* Fed. R. Bankr. P. 2002(b).  The court ordered that

---

[1] Any reference to "Code" or "Bankruptcy Code" is a reference to the United States Bankruptcy Code, 11 U.S.C., or any section (i.e. §) thereof refers to the corresponding section in 11 U.S.C.

[2] Palmetto is a Medicare Administrative Contractor that serves as a conduit of information and payments between HHS and providers.  *See generally* 42 U.S.C. §§ 1395h, 1395kk-1(a)(4).

a hearing would be held on October 22, 2014.  [ECF No. 34]; *see also* [ECF No. 39] (amending

the initial order).  Notice of that hearing was provided, but neither Palmetto nor HHS, including

Centers for Medicare & Medicaid Services[3] ("***CMS***"), were among those noticed.  [ECF No. 36].

Consistent with the prior notice, Palmetto and HHS were not noticed when the court amended its

order.  [ECF No. 40]; *see also* [ECF No. 39]; *c.f.* Fed. R. Bankr. P. 2002(b), (j).

On October 29, 2014, the court conducted a hearing on La Fuente's Disclosure

Statement.  *See also* [ECF Nos. 30, 39].  At that hearing, the court ordered that the Disclosure

Statement contained sufficient information and that La Fuente was to mail a copy of the order

and the combined Disclosure Statement and Plan, [ECF No. 30], to "all creditors, equity security

holders, and other parties in interest …" no later than December 5, 2014, and file a certificate of

service within three days of mailing those documents.  [ECF No. 49]; *see also* [ECF No. 50]

(providing notice via Bankruptcy Noticing Center to parties in interest for the bankruptcy case).

On December 24, 2014, La Fuente filed its Certificate of Service, wherein Palmetto and HHS are

not listed as having received notice regarding the combined Disclosure Statement and Plan.

[ECF No. 51].  *But see* [ECF No. 49].

On January 21, 2015, the court held a hearing on the confirmation of La Fuente's Plan

that resulted in the Plan being confirmed without objection.  *See* [ECF No. 55]; [ECF No. 58]

(the "***Confirmation Order***").  On February 1, 2015, the Bankruptcy Noticing Center provided

notice to the parties in interest, excluding HHS and Palmetto.  [ECF No. 59].  The following day,

the court issued a Post Confirmation Order and Notice informing all parties receiving notice of

the effect of confirmation, pursuant to 11 U.S.C. § 1141, and requiring the Clerk to transmit a

copy of the Order to various parties, including "all creditors…"  [ECF No. 60].  On July 2, 2015,

---

[3] CMS provides administrative "oversight of the Medicare program, the federal portion of the Medicaid program" and various other programs.  HHS Agencies & Offices, https://www.hhs.gov/about/agencies/hhs-agencies-and-offices/index.html (last visited March 28, 2017).

the court entered its Final Decree that closed La Fuente's bankruptcy case.  [ECF No. 68].  Two days later, the Bankruptcy Noticing Center sent out notice of the Final Decree to various parties in interest, once again excluding HHS and Palmetto.  [ECF No. 69 at 2].

On May 26, 2016, La Fuente filed its motion seeking to reopen the bankruptcy case in order for La Fuente to file the instant adversary proceeding.  *See generally* [ECF No. 71].  The Court granted La Fuente's request and ordered that the bankruptcy case be reopened.  *See generally* [ECF No. 72].

On June 21, 2016, La Fuente filed the instant adversary against Palmetto and HHS (collectively, the "***Defendants***").  [Case No. 16-7012, ECF No. 1].  In its complaint, La Fuente alleges that Palmetto, as an agent for CMS, is engaging in recoupment in violation of the Confirmation Order and § 1141's injunction.  *See generally id.*  La Fuente seeks injunctive relief to prevent Palmetto from further recoupment outside of the provisions of the Plan, as confirmed.  *Id.* at 5, 8.  Contemporaneously to filing the complaint, La Fuente filed its Application for Preliminary Injunctive Relief on an expedited basis, which the Court set for a hearing.  [ECF Nos. 2–3, 5].  Prior to that hearing, the parties jointly filed their Stipulation and Order Re: Preliminary Injunction by which the Defendants would "refrain from collecting its claim by means of withholding or any other means contrary to Plaintiff's Confirmed Plan and/or any from taking any other action contrary to Sections 1141(d)(1) and 542(a)(2) of the Bankruptcy Code." [ECF No. 10]; *see also* [ECF No. 11] (granting the Stipulation and Order Re: Preliminary Injunction).

On August 9, 2016, HHS, by and through its counsel, Mr. David Guerra, filed its Motion. [ECF No. 19].  The Motion seeks to dismiss the instant adversary proceeding on, essentially, two main themes: to wit, (1) a lack of subject matter jurisdiction pursuant to the provisions of 42

U.S.C. § 405(h), and (2) the Plaintiff is not entitled to injunctive relief it seeks. *See generally id.* To substantiate its argument, HHS included three attachments to the Motion: (1) a letter informing La Fuente of the overbilling determination, dated November 18, 2011; (2) a further letter, dated November 23, 2011, informing La Fuente of the overbilling determination and advising it of it options, including coordination with bankruptcy; and (3) a letter discussing the decision by an Administrative Law Judge on the overbilling determination. *See generally* [ECF Nos. 19-1, 19-3]; [ECF No. 19-2] (the "***Letter***"); *see also* Fed. R. Civ. P. 56(c). The Court set the Motion for hearing on September 21, 2016, which would be heard contemporaneously with the previously reset Scheduling Conference. [ECF Nos. 12, 16–17, 21]. On August 31, 2016, La Fuente filed its response to the Motion wherein it presented arguments against the Motion, as it did not specifically address the basis for dismissal, under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). *See generally* [ECF No. 20] (the "***Response***"). On September 14, 2016, HHS filed a reply to La Fuente's Response and reiterated its arguments that § 405(h) deprives the bankruptcy courts of jurisdiction over disputes where the party has not exhausted administrative review and that La Fuente is not eligible for injunctive relief. *See generally* [ECF No. 24] (the "***Reply***"). In its parting shot, La Fuente filed its sur-reply to HHS' reply and argued that the Court has jurisdiction over the instant matter due to the potential violations of the confirmed Plan and that Supreme Court precedent, *inter alia*, bars collateral attack of a final order when a party has failed to lodge a timely objection or appeal. *See generally* [ECF No. 26] (the "***Sur-Reply***"); *see also In re Treyson Dev., Inc.*, 2016 WL 1604327, at *1, *12 (Bankr. S.D. Tex. Apr. 16, 2016).

On September 21, 2016, the Court conducted an evidentiary hearing on Defendants' Motion. There were no exhibits offered for admission as evidence at the hearing. As such, the Court will only consider the supporting documentation included with the Motion and the

Response.  *See generally* Fed. R. Civ. P. 56(c); *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981) (discussing the evidentiary distinctions between a facial and factual attack on subject matter jurisdiction); *see also Daniels v. Church of the Living Word #4 PGT Assoc.*, 2001 WL 1445407, at *1 (N.D. Tex. 2001).  The Court heard oral arguments from Counsel for La Fuente and Counsel for HHS.

### III.  LEGAL STANDARD

#### a.  Subject Matter Jurisdiction

The instant adversary proceeding presents two issues:  (1) the *res judicata* effect of a confirmed plan upon parties, and (2) whether the Court is precluded from hearing certain disputes between a party and HHS, including subordinate agencies such as CMS.  However, the *res judicata* effect of a confirmed plan can be dispositive on the necessity of resolving the potential preclusion of jurisdiction by other statutes when due process is provided to parties in interest.  *C.f. In re Treyson Dev., Inc.*, 2016 WL 1604347, at *15–17.

The Bankruptcy Court draws its jurisdiction from 28 U.S.C. §§ 157 and 1334 when the district court refers matters arising under title 11, as is the case for the Southern District of Texas.  *See, e.g.,* In re: Order of Reference to Bankruptcy Judges, General Order 2012-6 (S.D. Tex. May 24, 2012).  The Supreme Court has made it clear in *Espinosa* that the finality of an order precludes untimely collateral attack on the jurisdiction of the court that issued that order.  *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010); *see also Travelers Indem. Co. v. Bailey*, 557 U.S. 137 (2009); *c.f. Feld v. Zale Corp.*, 62 F.3d 746 (5th Cir. 1995) (holding that the bankruptcy court lacked subject matter jurisdiction to enjoin certain third-party claims, but could enter a temporary injunction with notice, sufficient to satisfy due process requirements, to parties in interest).  The Fifth Circuit also held this position even before *Espinosa* was decided.

*See generally In re Craig's Stores of Tex., Inc.*, 266 F.3d 388 (5th Cir. 2001); *see also Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n.9 (1982); *In re U.S. Brass Corp.*, 301 F.3d 296 (5th Cir. 2002); *Republic Supply Co. v. Shoaf*, 815 F.2d 1046 (5th Cir. 1987); *In re Waco Town Square Partners, L.P.*, 525 B.R. 662 (Bankr. S.D. Tex. 2015) (Isgur, J.), *rev. on other grounds*, 536 B.R. 756 (S.D. Tex. 2015) (Atlas, J.).

This Court, in *Treyson*, applied *Espinosa*'s due process analysis to an order confirming a plan to determine whether it was *res judicata* upon a creditor in a Fed. R. Civ. P. 60 context, but the initial analysis is the same as what is required here.  2016 WL 1604347, at *13.  The issue of due process must be analyzed to determine if a party was properly noticed and had the opportunity—regardless of whether it exercised that right—to be heard either by objecting to confirmation of the debtor's plan or to an appeal of the order confirming that plan.  *Id.*; *see also Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 210 (5th Cir. 2003).  In *Espinosa,* the debtor, Francisco Espinosa, failed to properly serve the creditor, United Student Aid Funds, Inc. ("**United**"), with a summons and complaint, as required under the Bankruptcy Code, in order to commence the adversary proceeding required for the discharge of a student loan, a point by which United attempted to attack the effect of the chapter 13 plan's purported discharge of Espinosa's student loans.  559 U.S. at 272.  The Supreme Court rejected this argument because United had been served with the filing and contents of the chapter 13 plan proposed by Espinosa, thus satisfying the requirement for due process that notice be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Id.* (citing to *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950), and *Jones v. Flowers,* 547 U.S. 220, 225 (2006)).  More importantly, actual notice is not the standard that is required for due process to be

satisfied. *Jones,* 547 U.S. at 225.  The Supreme Court found that the actual notice of the filing of

the plan and its contents disentitled United to relief pursuant to Rule 60(b)(4), because the receipt

of actual notice "more than satisfied United's due process rights." *Espinosa,* 559 U.S. at 272.  In

providing notice of the plan and its contents, the party is aware that it must act and if it fails to

object to the confirmation of the plan before the time for appeal expires, that party has been

afforded a full and fair opportunity to litigate, and the party's failure to avail itself of that

opportunity will not justify Rule 60(b)(4) relief." *Id.*; *Bailey,* 557 U.S. at 153; *Shoaf,* 815 F.2d at

1053; *In re Waco Square Partners,* 525 B.R. at 670.  *But see In re Applewood Chair Co.,* 203

F.3d 914 (5th Cir. 2000) (reviewing the *res judicata* effect of a confirmed chapter 11 plan).

The Fifth Circuit has addressed the adequacy of notice to parties in the bankruptcy

context in a series of opinions.  *See generally In re Kendavis Holding Co.*, 249 F.3d 383 (5th Cir.

2001) (holding that an unrepresented pensioner's claim was not precluded by discharge when the

debtor assured pension beneficiaries that the bankruptcy would not affect their rights); *Matter of*

*Christopher*, 28 F.3d 512 (5th Cir. 1994) (holding that a chapter 11 debtor's discharge of post-

petition claims was proper when the claimant had actual notice of the bankruptcy); *Grossie v.*

*Sam (In re Sam)*, 894 F.2d 778 (5th Cir. 1990) (holding that a creditor's failure to timely seek bar

dates after being notified of the pending bankruptcy meant the dismissal of its complaint was

proper).

In its most recent addition, the Fifth Circuit reviewed a dispute where the underlying

bankruptcy case had been reopened by the debtor in order to "determine whether the [plaintiff's]

claims were discharged…"  *See generally In re Placid Oil Co.*, 753 F.3d 151 (5th Cir. 2014).  In

the underlying bankruptcy, notice of the bar date, as set by the bankruptcy court, had been

provided by publication on three separate occasions.  *Id.* at 153.  The plaintiff, a long-term

employee of the debtor that had been exposed to asbestos during the course of his employment and, subsequently, his spouse was also exposed to asbestos through contact with plaintiff's clothes, brought a lawsuit against the debtor in state court alleging that the death of plaintiff's spouse was allegedly due to the debtor's negligence.   *Id.*   The plaintiffs' case came approximately 15 years post-confirmation.   *Id.*   The Fifth Circuit noted that other asbestos-related cases had been brought against the debtor post-confirmation, but none had resulted in debtor being found liable nor had it settled.   *Id.*   The bankruptcy court, in the underlying adversary proceeding, granted the debtor's motion for summary judgment upon finding that the plaintiffs "had pre-confirmation claims and that the claims were discharged by Placid's constructive notice."   *Id.*   The district court affirmed on appeal and on appeal to the Fifth Circuit, plaintiffs contended that "because the method and substance of Placid's notice were insufficient on due process grounds, their claims were not discharged."   *Id.*   In addressing the due process standards between a known and unknown creditor, the Fifth Circuit stated that debtors "need only provide unknown creditors with constructive notice by publication."   *Id.* at 154–55 (citing to *Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478, 489–90 (1988), *City of New York v. N.Y., N.H. & H.R. Co.*, 344 U.S. 293, 295–97 (1953), and *In re Crystal Oil*, 158 F.3d 291, 295–98 (5th Cir. 1988)) (internal quotations omitted).   A known creditor is a claimant "actually known to the debtor and those whose identities are reasonably ascertainable."   *Id.* (internal quotations omitted).   A reasonably ascertainable claimant is one whose identity can be "discovered through reasonably diligent efforts" and where the debtor has "specific information that reasonably suggests both the claim for which the debtor may be liable and the entity to whom he would be liable."   *Id.* (citing to *In re Crystal Oil*, 158 F.3d at 297).   In applying that standard, the court concluded that the "bankruptcy court did not err in finding that the [plaintiffs]

were unknown creditors…" because the debtor was unaware of any claim held by the plaintiffs. *Id.* at 157. Upon determining that the plaintiffs were unknown creditors, the court determined that the standards on due process and notice from the case, the Code, and Federal Rules Bankruptcy Procedure were satisfied by the debtor's notice by publication. *Id.* at 158. As such, the plaintiffs' claims were effectively discharged through the debtor's bankruptcy. *Id.*

Accordingly, the Court must determine whether La Fuente properly provided notice to Defendants, such that the Plan is binding.

### b. Motion to Dismiss for Lack of Subject Matter Jurisdiction

A motion to dismiss that alleges a lack of subject matter jurisdiction is brought pursuant to Fed. R. Civ. P. 12(b)(1), although HHS does not specifically cite to this rule in its Motion. *See generally* [ECF No. 19]. It is axiomatic that federal courts are courts of limited jurisdiction and, as discussed previously, the jurisdiction of bankruptcy courts is sliced even thinner. *Stockman v. Fed. Election Com'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing to *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)); *C.f. Stern v. Marshall*, 564 U.S. 462 (2011); *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015). If a court lacks statutorily authorized jurisdiction over the particular matter at bar, then the court is without the authority to adjudicate the matter. *Yazdchi v. Cohen Law Firm*, 2017 WL 680685, at *1 (S.D. Tex. Feb. 21, 2017) (Miller, J.) (citing to *Stockman*, 138 F.3d at 151). In evaluating a Rule 12(b)(1) motion, the defendant will either be facially or factually attacking subject matter jurisdiction and the determination to be made by the court varies depending on the attack. *Paterson*, 644 F.2d at 523. When the defendant factually attacks the court's subject matter jurisdiction, the burden of demonstrating jurisdiction is on the plaintiff. *Johnson v. Loyola Univ. New Orleans*, 2017 WL 318628, at *1 (5th Cir. Jan. 20, 2017) (citing to *Budget Prepay, Inc. v.*

*AT&T Corp.*, 605 F.3d 273, 278 (5th Cir. 2010)); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992); *Paterson*, 644 F.2d at 523 (stating that "[i]f a defendant makes a factual attack upon the court's subject matter jurisdiction over the lawsuit, the defendant submits affidavits, testimony, or other evidentiary materials ... [then] plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction").  However, if the defendant makes a facial attack on the court's subject matter jurisdiction, the court "is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true." *Paterson*, 644 F.2d at 523.  A court considering a motion to dismiss for lack of subject matter jurisdiction can consider "the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts."  *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286–87 (5th Cir. 2012) (citing to *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001)).  Upon a party failing to demonstrate that "the court lacks the statutory or constitutional power to adjudicate the claim" and, in the case of a factual attack, the court determining there are no facts entitling the plaintiff to relief it seeks, then the claim is properly subject for dismissal.  *Allen v. Infinity Cty Mut. Ins. Co.*, 2017 WL 661514, *1 (S.D. Tex. Feb. 17, 2017) (Atlas, J.) (citing to *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d at 286 (quotations omitted)); *see also Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citing to *Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1187 (2d Cir.1996)); *Paterson*, 644 F.2d at 523.

### c.  Motion for Summary Judgment

In the Federal Rules of Civil Procedure, summary judgment is proper when there "is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also In re Placid Oil Co.*, 753 F.3d at 154.   Rule 7056 incorporates Fed. R. Civ. P. 56 in adversary proceedings.  Fed. R. Bankr. P. 7056.[4]  "The moving party bears the burden of establishing that there are no genuine issues of material fact." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008).  Rule 56 provides that the movant may support factual positions by:

> citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1)(A)-(B).   Additionally, Rule 56 provides that an opposing party may object to the material cited by the movant when the material is not presented in a form that is admissible as evidence in the proceeding.  Fed. R. Civ. P. 56(c)(2).  Furthermore, Rule 56 also provides that courts may consider other material found in the record beyond what has been cited by a party.  Fed. R. Civ. P. 56(c)(3).  Finally, Rule 56 provides that affidavits or declarations may be "used to support or oppose a motion," but "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(4).  The ability to consider material found in the record does not mean that the court must engage in a quest to pursue support for the non-movant.  *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).   The courts must, in determining whether there is a material issue, interpret "the facts and the inferences to be drawn there from in the light most favorable to the nonmoving party."  *Kinkade v. Kinkade (In re*

---

[4] "Rule 56 F.R.Civ.P. applies in adversary proceedings, except that any motion for summary judgment must be made at least 30 days before the initial date set for an evidentiary hearing on any issue for which summary judgment is sought, unless a different time is set by local rule or the court orders otherwise."

*Kinkade)*, 707 F.3d 546, 548 (5th Cir. 2013) (citing to *Reaves Brokerage Co. v. Sunbelt Fruit &amp; Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003)); *see also Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009). In order for a fact to rise to the level of a genuine issue of material fact, the fact must be one that "could affect the outcome of an action or allow a reasonable fact finder to find in favor of the non-moving party." *In re Fauser*, No. 10-31501, 2015 WL 877451, at \*1-2 (Bankr. S.D. Tex. Feb. 26, 2015) (citing to *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008)); *see also Randall D. Wolcott, M.D., P.A. v. Sebelius*, 497 F. Appx. 400, 404 (5th Cir. 2012) (citing *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997), which states that "[a] factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party"). In other words, the non-movant bears the burden of showing a genuine dispute through specific evidence, which includes the requirement that the non-movant demonstrate to the court "the manner in which that evidence supports [their] claim." *In re Fauser*, 2015 WL 877451, at \*3 (citing to Fed. R. Civ. P. (56(c)(1), *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986), and *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004)). The burden shifts to the non-movant only if the movant should meet its burden of demonstrating the "absence of any genuine issues of material fact," at which time the non-moving party must "establish that there is a genuine issue of material fact in dispute." *Condrey v. SunTrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005) (citing to *Celotex*, 477 U.S. at 322). If a party fails to establish "the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" then Rule 56(c) requires that summary judgment be granted against that party. *Celotex*, 477 U.S. at 322.

Alternatively, the 2010 amendment to the Federal Rules of Civil Procedure codified what had been a long standing belief that courts were permitted to enter summary judgment *sua sponte*

against a non-movant when that party was on notice.  *See* Fed. R. Civ. P. 56(f)[5]; *see also Celotex*, 477 U.S. at 326 (stating that "[o]ur conclusion is bolstered by the fact that district courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence"); *Catrett v. Johns-Manville Sales Corp.*, 756 F.2d 181, 189 (D.C. Cir. 1985) (Bork, J., dissenting); *Randall D. Wolcott, M.D., P.A.*, 497 F. Appx. at 404 (citing to *Celotex*, 477 U.S. at 326, for the right of district courts to enter summary judgment *sua sponte*); 10A C. Wright, A. Miller, M. Kane, R. Marcus & A. Steinman, Federal Practice & Procedure Civil § 2720 (3d ed.) (granting summary judgment in favor of nonmoving party may be appropriate in certain cases, as "the judge already is engaged in determining whether a genuine issue of material fact exists and the parties have been given an opportunity to present evidence designed either to support or to refute the request for the entry of judgment").  The Fifth Circuit has also acknowledged this ability of a district court to enter summary judgment against a non-movant on multiple occasions and affirmed the ability to do so where "facts dispositive of this issue were presented and argued at length to the district court, and the movant … had a full and fair opportunity to develop the record as to their duty to defend."  *Jensen v. Snellings*, 841 F.2d 600, 618 (5th Cir. 1988); *see also In re Caravan Refrigerated Cargo, Inc.*, 864 F.2d 388, 393 (5th Cir. 1989) (stating "[w]e have noted that when one party moves for summary judgment the district court, in an appropriate case, may grant summary judgment against the movant, even though the opposite party has not actually filed a motion for summary judgment.") (internal quotations omitted), *abrogated on other grounds by Advance United Expressways, Inc. v. Eastman Kodak Co.*, 864 F.2d 388 (5th Cir. 1992); *British*

---

[5]  Judgment Independent of the Motion. After giving notice and a reasonable time to respond, the court may:
    (1) grant summary judgment for a nonmovant;
    (2) grant the motion on grounds not raised by a party; or
    (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

*Caledonian Airways Ltd. v. First State Bank of Bedford, Tex.*, 819 F.2d 593, 595 (5th Cir. 1987) (stating that "British Caledonian's own motion for summary judgment opened the door to allow the district court to grant summary judgment for Bedford Bank sua sponte, provided adequate warning and the other summary judgment requirements."); *Landry v. G.B.A.*, 762 F.2d 462, 464 (5th Cir. 1985); *S.E.C. v. Microtune, Inc.*, 783 F.Supp.2d 867, 874 (N.D. Tex. 2011) (citing to *In re Caravan Refrigerated Cargo, Inc.*, 864 F.2d at 393, and 10A Wright & Miller, Fed. Prac. & Proc. § 2720 (3d ed.)).  The Fifth Circuit, on one occasion, noted that all the parties needed to have done, at a minimum, was to have "fully briefed the issue involved in this case" in order for "the court on its own motion [to] consider the plaintiff's opposition as a cross motion for summary judgment on the same issue." *Evans v. Midland Enterprises Inc.*, 754 F. Supp. 91, 95 (5th Cir. 1990) (citing to *In re Caravan Refrigerated Cargo, Inc.*, 864 F.2d at 393).  Thus, if parties had the opportunity to meet in court and there is "no dispute as to as to any fact material to the issue being litigated," then granting summary judgment in favor of a non-movant is appropriate.  *Fountain v. Filson*, 336 U.S. 681, 683 (1949).

Based on the foregoing, the Court must determine if (1) it has subject matter jurisdiction over the matter; and (2) if summary judgment should be granted to HHS, as requested in its Motion.

## IV.    CONCLUSIONS OF LAW

### A.  Jurisdiction and Venue

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provisions that "the district courts shall have original and exclusive jurisdiction of all cases under title 11" and "all civil proceedings arising under title 11, or arising in or related to cases under title 11."  *See also* 28 U.S.C. § 157(a); *see, e.g.,* In re: Order of Reference to Bankruptcy Judges, General Order

2012-6 (S.D. Tex. May 24, 2012).  Section 157 provides that bankruptcy judges may issue final orders or judgments where the matter is determined to be core, which includes "matters concerning the administration of the estate."  28 U.S.C. § 157(b)(2); *see also Bass v. Denney (In re Bass)*, 171 F.3d 1016, 1022 (5th Cir. 1999).   A bankruptcy court has jurisdiction over interpretations of the confirmation order and matters that were provided for by the debtor's plan of reorganization.  *In re Craig's Stores of Texas, Inc.*, 266 F.3d at 391 (citing to *In re Case*, 937 F.2d 1014 (5th Cir. 1991), where the Fifth Circuit "held that a post-confirmation dispute over a promissory note provided for in the debtor's reorganization plan was a core proceeding …"); *see also Bailey*, 557 U.S. at 151–54.   This Court has jurisdiction over these matters pursuant to §§ 157(b)–(c).  *In re Craig's Stores of Texas, Inc.*, 266 F.3d at 391.

This Court may only hear a case in which venue is proper.  Venue with respect to cases under title 11 or arising in or related to cases under title 11 is governed by 28 U.S.C. § 1409, which designates that venue may hold wherever "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending."  La Fuente's bankruptcy case was pending before this Court, pursuant to 28 U.S.C. § 1408, at the time this Adversary Proceeding commenced.  Therefore, venue is proper.

### B.  Constitutional Authority To Enter A Final Order

This Court also has an independent duty to evaluate whether it has the constitutional authority to sign a final order.  *See generally Stern v. Marshall*, 564 U.S. 462 (2011).  In *Stern*, the Supreme Court reasoned that bankruptcy judges are not protected by the lifetime tenure attribute of Article III judges, but they were performing Article III judgments by judging on "all matters of fact and law" with finality.  *Id*. at 498–502.  Hence, the Court held Article III imposes some restrictions against a bankruptcy judge's power to rule with finality, but a bankruptcy court

is permitted to issue final judgments and orders where the issue "arises in" or "arises under" bankruptcy, but not where the issue is merely "related to" bankruptcy.  *See* § 157.  However, Article III will be satisfied where parties knowingly and voluntarily consent to the bankruptcy court's power to issue final judgments.  *Wellness Int'l Network v. Sharif*, 135 S. Ct. at 1938–39 (holding that parties may consent to jurisdiction on non-core matters).

The matter at bar arises from a dispute over the *res judicata* effect of the Confirmation Order and the Plan's provisions regarding the claim scheduled as held by Palmetto, as "[c]ollecting for Medicare."  The "confirmation of plans" is squarely a core matter pursuant to § 157(b)(2)(L) and it follows that the interpretation of orders confirming a plan is as well.  *In re Craig's Stores of Texas, Inc.*, 266 F.3d at 391; *In re Case*, 937 F.2d at 1019–20.

### C.  Subject Matter Jurisdiction and Final Confirmation Orders

HHS, in its Motion, argues that the Court lacks subject matter jurisdiction and has submitted other evidentiary materials to support that argument.  *See generally* [ECF No. 19]. Due to the presence of the evidentiary materials, HHS is factually attacking the Court's jurisdiction and the burden is upon the Plaintiff to demonstrate that the court does have subject matter jurisdiction.  *Paterson*, 644 F.2d at 523.  At the hearing and in its pleadings, La Fuente asserts that the Court has subject matter jurisdiction, at a minimum, to interpret the provisions of the Plan, pursuant to the Confirmation Order, and to determine whether HHS and Palmetto are in violation thereof.  [Case No. 16-7012, ECF No. 26 at ¶¶ 1–5, 10, 12–16]; [ECF No. 20 at 2-3, 5–8].

The first step in determining whether the Confirmation Order is binding upon a party is to ascertain whether that party was provided with notice.  *See generally In re Treyson Dev. Inc.*, 2016 WL 1604347, at *13; *see also In re Placid Oil Co.*, 753 F.3d at 153–58.  Here, La Fuente

initially provided notice to Palmetto by listing them in the creditors matrix. [Case No. 14-70265, ECF No. 1 at 44–47]. Since that time and until the Plan was confirmed, the docket reveals that counsel for the Defendants did not enter a notice of appearance in the case. La Fuente filed its Plan, but a certificate of service was not attached or included nor did La Fuente provide any evidence of such at the Hearing. *See generally* [ECF No. 30]. *But see* 11 U.S.C § 1125(c); Fed. R. Bankr. P. 2002(b), (j), 3016(b). The Court set the Disclosure Statement for a hearing on October 15, 2014, which was subsequently reset to October 29, 2014. *See* [ECF Nos. 34, 39]. The Bankruptcy Noticing Center sent notices for each of those orders, but Defendants were not among the parties that received notice of the hearing on the Disclosure Statement. [ECF Nos. 36, 40]. At the hearing on the Disclosure Statement, La Fuente's Counsel and counsel for the United States Trustee Program appeared, but no other appearances were made. *See* [ECF No. 47]. On December 3, 2014, the Court issued its order approving the Disclosure Statement, setting a confirmation hearing for January 21, 2015, and requiring La Fuente to provide notice to all creditors. [ECF No. 49]. The notice sent by the Bankruptcy Noticing Center, once again, did not include the Defendants. [ECF No. 50]. La Fuente filed its own certificate of service that also did not include Defendants in the parties that were provided with notice, contrary to the Court's order. *See* [ECF No. 51]; *see also* [ECF No. 50]. *But see* Fed. R. Bankr. P. 2002(b). The Court held the confirmation hearing on January 21, 2015, as noticed, and ordered that the Plan was confirmed. [ECF No. 58]. The Bankruptcy Noticing Center sent out notices to parties in interest, but Defendants were not included and did not receive notice. [ECF No. 59]. *But see* Fed. R. Bankr. P. 2002(b). Based on a review of the docket, the only notice that was provided to Palmetto was through the creditors matrix when the petition was filed. *See* [ECF No. 1 at 44–47].

However, La Fuente asserts that Palmetto, at least, was provided notice on two occasions during the course of the bankruptcy.  [Case No. 16-7012, ECF No. 26 at ¶ 15].  In the Affidavit, Pedro D. Lopez, a paralegal employed by La Fuente's Counsel and the affiant, states that Palmetto was advised by a May 13, 2014 letter of La Fuente's bankruptcy having been filed and further by fax sent on February 24, 2016 that advised Palmetto "that the overpayment claim was being treated under Plaintiff's Confirmed Plan…"  *See generally* [ECF No. 20-2] (the "***Affidavit***"); *see also* Fed. R. Civ. P. 56(c); [Case No. 14-70265, ECF No. 1].  The Affidavit does not indicate whether notice was provided to HHS.  [Case No. 16-7012, ECF No. 20-2].  *But see* § 1395kk-1(a)(4)(E); Fed. R. Bankr. P. 2002(b), (j).  During the Hearing, Mr. Guerra, Counsel for HHS, indicated that he believed Palmetto had been notified of La Fuente's bankruptcy but did not indicate whether Palmetto had notified HHS of La Fuente's bankruptcy.

In its Response, La Fuente does not reconcile the lack of pre-confirmation and timely post-confirmation notice, such that Palmetto had a meaningful opportunity to litigate the terms of the Plan either via an objection or appeal, with the Court's holding in *Treyson*, which La Fuente, ironically, specifically cites.  *Compare* [Case No. 16-7012, ECF No. 20-2] *and* [ECF No. 26 at ¶ 15] *with* [ECF No. 26 at ¶ 5] *and In re Treyson Dev. Inc.*, 2016 WL 1604347, at *12–14.  The Supreme Court, in *Espinosa*, reasoned that "*actual* notice of the filing and contents of Espinosa's plan … more than satisfied United's due process rights."  *Espinosa*, 559 U.S. at 272.  Although the procedural posture of this adversary proceeding differs from a Rule 60(b)(4) motion, the due process requirement is a fundamental underpinning of the legal system and La Fuente does not demonstrate how it afforded notice, if at all, to HHS or Palmetto of the filing of its Plan nor of the Plan's contents.  *Compare Espinosa*, 559 U.S. at 263–68 *with* [ECF No. 1] *and* [ECF No. 19]; *see also Mullane*, 339 U.S. at 314 ("This right to be heard has little reality or worth unless

one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest."); *see also Chicot Cty. Drainage Dist. v. Baxter St. Bank*, 308 U.S. 371 (1939) (reviewing the cancellation of bond obligations where the bondholders had been given notice of the pending actions but chose not to object); *Shoaf*, 815 F.2d at 1053 (discussing that the failure to take the opportunity to contest confirmation of the debtor's plan was sufficient to bind the creditor to the provisions of that plan").

The Fifth Circuit has discussed notice in bankruptcy proceedings and what must be done to provide adequate notice to known and unknown creditors. *See generally In re Placid Oil Co.*, 753 F.3d at 151. In *Placid Oil Co.*, the Fifth Circuit held that notice by publication, as permitted by state law was acceptable for unknown creditors, but that actual notice must be provided to known creditors. *Id.* at 154–55. As discussed previously, the standards for a known creditor clearly are satisfied by HHS. *Id.* (citing to *Pope*, 485 U.S. at 489–90). In La Fuente's petition, Palmetto was listed in the creditors matrix. *See* [Case No. 14-70265, ECF No. 1]. Furthermore, the affidavit provided by La Fuente in its Response indicates that notice was provided to Palmetto of the bankruptcy. [Case No. 16-7012, ECF No. 20-2]. Palmetto, as indicated in the Letter attached to HHS' Motion, requested that La Fuente notify Palmetto if La Fuente had already filed for bankruptcy "so that we may coordinate with both [CMS] *and* the Department of Justice so as to assure that we handle your situation properly." [ECF No. 19-2 at 4] (emphasis added). The analysis now shifts to whether La Fuente has sufficiently demonstrated that the Court possesses subject matter jurisdiction over the matter.

As the Fifth Circuit discussed in *Paterson*, when a party submits evidentiary support, the court must review the evidentiary support to determine if the plaintiff, by a preponderance of the evidence, has demonstrated that the court has subject matter jurisdiction. The Affidavit

demonstrates that, in addition to being listed in the creditors matrix, La Fuente's Counsel did in fact notify Palmetto of the bankruptcy. *See* [ECF No. 20-2]. The Court can conclude that Palmetto did indeed receive notice, but cannot determine whether Palmetto, pursuant to its representations in the Letter, notified HHS of La Fuente's bankruptcy. *See* [ECF No. 19-2 at 4]; *see also* § 1395kk-1(a)(4)(E). By which, La Fuente could have ultimately delivered actual notice of its bankruptcy to HHS, a known creditor, through its agent, Palmetto. *See* [ECF No. 19-2 at 4]; *see also* § 1395kk-1(a)(4)(E).

### D. Motion to Dismiss for Lack of Subject Matter Jurisdiction

The burden of demonstrating subject matter jurisdiction rests with the plaintiff, here La Fuente, failing which, the court must dismiss the instant adversary proceeding. The court can determine that the plaintiff has met this burden by considering arguments made at a hearing in addition to "the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d at 286–87.

In its Motion, HHS argues that the Court lacks subject matter jurisdiction due to a confluence of the statutes governing Medicare as well as the jurisdictional statutes wherein the extent of the Court's jurisdiction is laid forth. *See generally* [ECF No. 19]. The Court does not need to reach the merits of that argument because a more pressing argument is made by La Fuente, namely that the Court confirmed La Fuente's Plan that provisioned certain terms for the repayment of the debt owed HHS. [ECF No. 26 at 2–3]; *see also* § 157(b)(2)(L); *Bailey*, 557 U.S. at 151; *Compton v. Mustang Eng'g Ltd. (In re MPF Holdings U.S. LLC),* 495 B.R. 303, 313 (S.D.Tex.2013); *In re Treyson Dev., Inc.*, 2016 WL 1604347, at *8–9.

Based on the evidence before the Court, the only determination that can be made is that Palmetto was listed in the original petition's creditors matrix and would have received notice that La Fuente filed for bankruptcy, and, despite that, La Fuente provided separate notice shortly thereafter. *See Ramming*, 281 F.3d at 161; *see also* [ECF No. 20-2]. Therefore, La Fuente has satisfied the bare minimum to provide due process to Palmetto, which was statutorily obligated to "facilitat[e] communication between [La Fuente] … and the Secretary." § 1395kk-1(a)(4)(E); *Ramming*, 281 F.3d at 161; *see also In re Placid Oil Co.*, 753 F.3d at 158. *But see* Fed. R. Bankr. P. 2002(j)(4). As such, the Court can conclude that it has subject matter jurisdiction to determine if the Plan is binding on HHS and Palmetto,[6] which in turn would require the Court to interpret and, if applicable, enforce its Confirmation Order. *Travelers Indem. Co.*, 557 U.S. at 151; *In re Placid Oil Co.*, 753 F.3d at 158.

Further, HHS claims that the Court is without jurisdiction because it has stopped its recoupment actions against La Fuente such that the "adversary action is moot." [Case No. 16-7012, ECF No. 19 at 2]. Although this may be the case, it is certainly feasible that HHS could—and likely will—restart recoupment once the instant adversary proceeding is resolved. [ECF No. 11] (stipulating that HHS "shall refrain from collecting its claim … until entry of further order of the Court or final judgment in this adversary proceeding"). The Supreme Court has recognized certain types of actions "that are not moot because the underlying dispute is capable of repetition, yet evading review." *Turner v. Rogers*, 564 U.S. 431, 440 (2011) (internal quotation marks omitted) (finding that a prison term of up to 12 months for a repeat offender would escape review as the courts would take longer to fully litigate the matter). HHS acknowledges the application of this doctrine, but dismisses it as being untimely because "[t]he appropriate time

---

[6] HHS has argued that Palmetto is entitled to official immunity due to its relationship as a "Medicare administrative contractor … [as] an agent of the federal government." [ECF No. 19 at 11]. The Court need not determine, at this time, whether HHS or Palmetto is the proper creditor for the claim.

for the Plaintiff to challenge a recoupment or withholding of an overpayment is when HHS actually withholds or recoups." [ECF No. 19 at 12–13]. However, that is exactly what La Fuente is alleging in its complaint. [ECF No. 1 at 4–5]. The Court finds that this action, like the one in *Turner*, falls into the special category of actions that are not moot due to the nature of the dispute.

La Fuente's claims involve the interpretation of the Plan and a determination of the preclusive effect of the Plan, if any, both of which are within the purview of this Court. *Travelers Indem. Co.*, 557 U.S. at 151. If the Court should dismiss the adversary proceeding for lack of subject matter jurisdiction due to HHS cessation of its recent recoupment, HHS would be free to resume recoupment and La Fuente may, again, seek the same relief thus beginning the cycle all over again. *C.f.* [ECF No. 11]. Therefore, La Fuente has plainly demonstrated that the Court possesses the requisite subject matter jurisdiction to resolve the instant adversary proceeding and determine whether La Fuente is entitled to the relief it seeks. As such, the Court finds that HHS' Motion, as to dismissal for lack of subject matter jurisdiction, should be denied.

### E.  Motion for Summary Judgment

In the Motion, HHS states that it alternatively seeks that the Court grant summary judgment in favor of HHS. [ECF No. 19 at 1]. HHS proceeds to spend the remainder of its Motion discussing various factors influencing its argument for dismissal pursuant to Rule 12(b)(1). *See generally id.* at 2–24.

Summary judgment is proper when there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). HHS, as the moving party, bears the burden of establishing that there are no genuine issues of material fact. *Norwegian Bulk Transp. A/S*, 520 F.3d at 412.

The issue at bar does not deal with the confirmation of La Fuente's Plan, but rather the enforcement of that Plan.  *See generally* [ECF No. 1].  Despite HHS' arguments on the application of the provisions of § 405(h), those arguments are ill-timed as the Plan has already been confirmed and La Fuente is now seeking the enforcement of the provisions of that Plan.  *Id.* at 5; *see also* [ECF No. 19 at 1, 8, 10–11].  HHS acknowledges that this is what La Fuente is seeking in its Motion.  *Id.*  The Court has previously discussed the *res judicata* effect of a confirmed plan.  *See generally In re Treyson Dev., Inc.*, 2016 WL 1604327, at *1; *see also Espinosa*, 559 U.S. at 268–38; *Baxter State Bank*, 308 U.S. at 374–75; *Shoaf*, 815 F.2d at 1053; *c.f. Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1692 (2015).

As previously discussed, La Fuente has not demonstrated that Defendants received notice of the Plan.  As such, there is very much a genuine issue of material fact on determining whether summary judgment is appropriate.  In its Motion, HHS argues that La Fuente has not met its burden for injunctive or declaratory relief.  [ECF No. 19 at 14–23].  Specifically, HHS' arguments center on the application of § 405(g) and recoupment surviving discharge, but its supporting evidence suggests, without confirming, that HHS may have had notice of La Fuente's bankruptcy.  *Id.*; [ECF No. 19-2].  In the Motion, HHS discusses notice in two contexts:  (1) receiving notice of the instant adversary proceeding and (2) notice in relation to the recoupment process.  [ECF No. 19 at 8, 14].  Neither of these is relevant.  Therefore, the Court is only able to determine that Palmetto received notice of the minimum threshold to satisfy due process for a known creditor, as provided in *In re Placid Oil Co.  See generally* 753 F.3d at 154–58.  However, Palmetto is merely an agent for HHS, the real creditor.  [ECF No. 19 at 8] (discussing how the Plan's provisions treated "HHS' 'unsecured claim'").  Whether Palmetto did indeed receive notice beyond the initial petition and whether such notice was provided to HHS, as

indicated in the Letter, is a significant fact upon which this dispute may very well turn, but the burden of production has not been met by the parties. *See generally Espinosa*, 559 U.S. at 272–76; *In re Placid Oil Co.*, 753 F.3d at 154–58; *In re Treyson Dev. Inc.*, 2016 WL 1604347, at *10–14; *In re Fauser*, 2015 WL 877451, at *1–2 (citing to *Brumfield*, 551 F.3d at 326); c.*f.* Fed. R. Civ. P. 56(f); Fed. R. Bankr. P. 2002(b), (j).

In consideration of the foregoing, the Court finds that HHS has not met its burden by demonstrating that the Plan is not *res judicata*, such that the relief sought by La Fuente must be denied. *Norwegian Bulk Transp. A/S*, 520 F.3d at 412. By failing to demonstrate that there are no genuine issues of material fact, the Court does not have to determine whether HHS is entitled to judgment as a matter of law. *See generally* Fed. R. Civ. P. 56(a). Moreover, La Fuente has likewise not met its burden to demonstrate that it is entitled to summary judgment being entered in its favor. *See* Fed. R. Civ. P. 56(f); *see generally In re Montemayor*, 547 B.R. 684 (Bankr. S.D. Tex. 2016). Therefore, the Court finds that HHS' Motion, as to summary judgment, should be denied.

## V.      CONCLUSION

The Court has been asked by HHS to determine whether to dismiss this adversary proceeding for lack of subject matter jurisdiction or, in the alternative, grant summary judgment in its favor. *See generally* [ECF No. 19]. In doing so, the Court must determine whether La Fuente has demonstrated that it has a potential claim over which the Court may exercise jurisdiction and, in so doing, that there are genuine issues of material fact in the instant matter. *See generally* Fed. R. Civ. P. 56; *Paterson*, 644 F.2d at 523. The Court has reviewed the Motion, the Response, the Reply, the Sur-Reply, and the exhibits attached to the parties' pleadings. *See* Fed. R. Civ. P. 56(c); *Paterson*, 644 F.2d at 523 (discussing review of Rule 12(b)(1) motions).

The Court determined that, as La Fuente seeks to enforce the provisions of the Plan on HHS, it must first review whether Palmetto or HHS received notice of the bankruptcy. *In re Placid Oil Co.*, 753 F.3d at 154. The Court found that Palmetto had received notice of the bankruptcy on multiple occasions and, as such, the Court possessed subject matter jurisdiction to hear La Fuente's claims regarding interpretation of the Plan. *See* [ECF No. 20-2]. In addressing HHS' alternative relief, the Court, as a first step, sought to determine whether Defendants had received notice of La Fuente's Plan. *In re Treyson Dev., Inc.*, 2016 WL 1604347, at *13. The Court found that La Fuente failed to attach a certificate of service to its Plan and presented no exhibits demonstrating notice having been provided to Defendants, thus rendering the Court unable to conclude whether Defendants had been put on notice of the provisions of the Plan. *Id.* HHS did not demonstrate that it or Palmetto were not provided notice of La Fuente's Plan. Given that the issue is unclear, the Court found that the issue of notice of La Fuente's Plan to all parties in interest, including Defendants, was a genuine issue of material fact in this adversary proceeding and, as such, summary judgment could not be granted. *See generally* Fed. R. Civ. P. 56. In light of the foregoing, the Court finds that the Motion should be denied.

An Order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED 03/28/2017.

Eduardo V. Rodriguez
United States Bankruptcy Judge