

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

ENTERED
06/06/2018

| | | |
|---|---|---|
| IN RE: | § | |
| LA FUENTE HOME HEALTH SERVICES, | § | CASE NO: 14-70265 |
| INC. | § | |
|     Debtor | § | |
| | § | CHAPTER  11 |
| | § | |
| LA FUENTE HOME HEALTH SERVICES, | § | |
| INC. | § | |
|     Plaintiff | § | |
| | § | |
| VS. | § | ADVERSARY NO. 16-07012 |
| | § | |
| SYLVIA MATHEWS BURWELL, *et al* | § | |
|     Defendants | § | JUDGE EDUARDO V. RODRIGUEZ |

**MEMORANDUM OPINION
DENYING PLAINTIFF'S AND DEFENDANT'S
<u>MOTIONS FOR SUMMARY JUDGMENT</u>
*Resolving ECF Nos. 36 & 37***

## I. Introduction

Pending before the Court are two motions self-styled by the movants as "La Fuente Home Health Services, Inc.'s Motion for Summary Judgment and Brief in Support," ECF No. 36 ("*La Fuente's Motion*"), and the "Motion of Defendant Tom Price, Secretary of the United States Department of Health and Human Services, for Summary Judgment," ECF No. 37 ("*HHS' Motion*").  Both La Fuente Home Health Services, Inc. ("*La Fuente*") and Tom Price, Secretary of the United States Department of Health and Human Services ("*HHS*") seek summary judgment pursuant to Fed. R. Civ. P. 56.  In consideration of the arguments presented in the motions, all evidence in the record, and relevant case law, for the reasons stated in this Memorandum Opinion, this Court determines that both La Fuente's and HHS's dueling motions for summary judgment should be denied.

## II.  Procedural History

On March 28, 2017, the Court entered its Memorandum Opinion Denying Defendant's Motion to Dismiss Plaintiff's Complaint and Application for Permanent Injunctive Relief and/or Alternatively for Summary Judgment.  ECF No. 27.  In the Memorandum Opinion, entered after an evidentiary hearing, the Court made extensive findings of fact and conclusions of law regarding this adversary proceeding.  They are summarized here:

On May 9, 2014, La Fuente filed its voluntary petition under chapter 11 of the Bankruptcy Code.[1]  La Fuente included Palmetto GBA, L.L.C. ("*Palmetto*") [2] in its schedule of unsecured creditors and its creditor matrix.  The paralegal for La Fuente's counsel sent a letter to Palmetto, HHS' agent, on May 13, 2014, advising Palmetto of the filing of La Fuente's Chapter 11 case.  La Fuente filed nothing further during the case showing notice—either directly or through the Bankruptcy Noticing Center—to Palmetto or HHS, including notice of orders setting hearing on the Disclosure Statement and confirmation of the Plan, the Confirmation Order, and the Post confirmation Order and Notice informing all parties receiving notice of the effect of confirmation pursuant to 11 U.S.C. § 1141.

The Court confirmed La Fuente's Chapter 11 plan ("*Plan*"), which contained provisions for the claim La Fuente scheduled as held by Palmetto.  La Fuente filed this adversary proceeding seeking injunctive relief preventing Defendants from engaging in recoupment in violation of the Confirmation Order and § 1141's injunction.

This Court has subject matter jurisdiction to determine if the Plan is binding on HHS and Palmetto, which in turn would require the Court to interpret and, if applicable, enforce its Confirmation Order.  There was a genuine issue of material fact on the summary judgment evidence before the Court on the motion at ECF No. 19 as to whether Defendants received notice of the Plan. Palmetto received notice, but the Court could not determine on the summary judgment evidence before the Court whether Palmetto delivered actual notice to HHS, a known creditor.

ECF No. 27 at 2–5, 25–26.

## III.  Findings of Fact

---

[1] Any reference to "Code" or "Bankruptcy Code" is a reference to the United States Bankruptcy Code, 11 U.S.C., or any section (i.e. §) thereof refers to the corresponding section in 11 U.S.C.

[2] Palmetto is a Medicare Administrative Contractor that serves as a conduit of information and payments between HHS and providers.  See generally 42 U.S.C. §§ 1395h, 1395kk-1(a)(4).

This Court makes the following Findings of Fact and Conclusions of Law pursuant to Fed. R. Bankr. P. 7052, which incorporates Fed. R. Civ. P. 52, and 9014. To the extent that any Finding of Fact constitutes a Conclusion of Law, it is adopted as such. To the extent that any Conclusion of Law constitutes a Finding of Fact, it is adopted as such.

La Fuente holds a Medicare Provider Number, which it received from Centers for Medicare & Medicaid Services ("*CMS*").[3]   Bankr. ECF No.[4] 30.  La Fuente now seeks summary judgment on its claims against Defendants.  ECF No. 36.  La Fuente contends that notice given to Palmetto of the commencement of the case is imputed to HHS, *Id.* at 6, and that the notice of commencement of the case put Defendants on inquiry notice that the claim scheduled by La Fuente may be affected. *Id.* Thus, according to La Fuente, Defendants are bound by the Plan and res judicata bars their further attempts to recoup funds from La Fuente in violation of the Plan, the Confirmation Order, § 1141, and the discharge injunction of § 524(a)(2). *Id.* at 13–20.[5]

La Fuente supports its motion with the declaration of Noel Arturo Zamora, La Fuente's president. *Id.* at 29.  Zamora declares: 1) Palmetto notified La Fuente by a November 23, 2011 letter that it had been determined that La Fuente had been overpaid Medicare reimbursements in the amount of $785,607.00 for claims with service dated from October 1, 2006, through September 30, 2009; 2) La Fuente appealed the overpayment determination, and on November 4, 2014, an Administrative Law Judge upheld the overpayment determination; 3) Palmetto notified La Fuente by a February 11, 2016 letter that Palmetto would resume recoupment; 4) Prior to the

---

[3] CMS is an agency within HHS which provides administrative "oversight of the Medicare program, the federal portion of the Medicaid program" and various other programs. HHS Agencies & Offices, https://www.hhs.gov/about/agencies/hhs-agencies-and-offices/index.html (last visited May 14, 2018).

[4] Cites to "Bankr. ECF No." refer to cites to La Fuente's underlying bankruptcy case, Case No. 14-70265.

[5] La Fuente's citation to § 524 conflates § 524 (which provides individuals with a discharge of claims) with § 1141(a) (which binds creditors to the plan).

commencement of this adversary proceeding, La Fuente's Medicare reimbursements were offset in the aggregate amount of $52,362.03.  *Id.*

La Fuente's Motion also is supported by the declaration of Pedro D. Lopez, the paralegal for La Fuente's counsel.  *Id.* at 32.  Lopez declares: 1) he notified Palmetto by letter dated May 13, 2014 of the commencement of La Fuente's Chapter 11 case; 2) he advised Palmetto by fax dated February 24, 2016 that the overpayment claim was treated under La Fuente's Plan;[6]  3) that copies attached of the May 13, 2014 letter and the February 24, 2016 fax are authentic.  *Id.*

In response to La Fuente's motion, HHS contends:  1) notice provided to Palmetto is not imputed to HHS because La Fuente was not a third party beneficiary of HHS' contract with Palmetto; 2) La Fuente violated the Due Process clause of the Constitution by failing to give notice of the filing of the Plan and the hearing on confirmation of the Plan; 3) inquiry notice applies only to individual cases; 4) HHS was a known creditor entitled to receive actual notice of the terms of the Plan; 5) HHS' right of recoupment does not violate the discharge injunction because it is neither a claim nor a debt, but rather reduces a postpetition obligation due La Fuente. ECF No. 38.

HHS seeks summary judgment vindicating its asserted right to recoupment.  ECF No. 37. HHS contends that La Fuente's continuing right to receive reimbursement for postpetition services under its Medicare provider agreement is a single integrated transaction with La Fuente's prepetition services.  *Id.* at 10.  Thus, according to HHS, because La Fuente continues to receive the benefits of its Medicare provider agreement, previous payments to La Fuente for prepetition services are subject to an equitable right of recoupment which may be applied against postpetition reimbursements to La Fuente.  *Id.* at 11.  HHS advances the same argument stated in

---

[6] The Plan was confirmed by order entered on January 30, 2015.  (ECF No. 58).

its response to La Fuente's motion for summary judgment:  that its right of recoupment does not violate the discharge injunction because it is neither a claim nor a debt, but rather reduces a postpetition obligation due La Fuente.  *Id.* 11–13.

HHS' motion is supported by letters dated November 18, 2011, from CMS to La Fuente and November 23, 2011, from Palmetto to La Fuente notifying La Fuente of the extrapolated overpayment; and a letter dated December 26, 2014, from Palmetto to La Fuente notifying La Fuente of the adverse decision by the Administrative Law Judge.[7]  ECF Nos. 37-1, 37-2, 37-3.

In response to HHS' motion, La Fuente contends that there is not a single integrated transaction because Medicare reimbursement payments are reconciled annually.  ECF No. 39.  La Fuente reiterates its argument that the Confirmation Order is res judicata of HHS' claim for recoupment.  *Id.* at 5.  Alternatively, La Fuente contends that recoupment is an affirmative defense to HHS' liability to reimburse La Fuente, which HHS has waived by failing to plead it during the Chapter 11 case.  *Id.* at 7.

## IV.  Legal Standard

In the Federal Rules of Civil Procedure, summary judgment is proper when there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Williams v. Placid Oil Co. (In re Placid Oil Co.)*, 753 F.3d 151, 154 (5th Cir. 2014).  Rule 7056 of the Federal Rules of Bankruptcy Procedure incorporates Fed. R. Civ. P. 56 in adversary proceedings.  Fed. R. Bankr. P. 7056.[8]  "The moving party bears the burden of establishing that there are no genuine issues of material fact."  *Norwegian Bulk*

---

[7] Neither side has objected to the other side's summary judgment evidence under Rule 56(c)(2).

[8] "Rule 56 F.R.Civ.P. applies in adversary proceedings, except that any motion for summary judgment must be made at least 30 days before the initial date set for an evidentiary hearing on any issue for which summary judgment is sought, unless a different time is set by local rule or the court orders otherwise."

*Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008).   Rule 56

provides that the movant may support factual positions by:

> citing to particular parts of materials in the record, including depositions,
> documents, electronically stored information, affidavits or declarations,
> stipulations (including those made for purposes of the motion only), admissions,
> interrogatory answers, or other materials; or showing that the materials cited do
> not establish the absence or presence of a genuine dispute, or that an adverse party
> cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1)(A)-(B).   Additionally, Rule 56 provides that an opposing party may

object to the material cited by the movant when the material is not presented in a form that is

admissible as evidence in the proceeding.   Fed. R. Civ. P. 56(c)(2).   Furthermore, Rule 56 also

provides that courts may consider other material found in the record beyond what has been cited

by a party.   Fed. R. Civ. P. 56(c)(3).   The ability to consider material found in the record does not

mean that the court must engage in a quest to pursue support for the non-movant.   *Malacara v.

Garber*, 353 F.3d 393, 405 (5th Cir. 2003).   The courts must, in determining whether there is a

material issue, interpret "the facts and the inferences to be drawn there from in the light most

favorable to the nonmoving party."   *Kinkade v. Kinkade (In re Kinkade)*, 707 F.3d 546, 548 (5th

Cir. 2013) (citing to *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412

(5th Cir. 2003)); *see also Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009).   In order

for a fact to rise to the level of a genuine issue of material fact, the fact must be one that "could

affect the outcome of an action or allow a reasonable fact finder to find in favor of the non-

moving party."   *In re Fauser*, No. 10-31501, 2015 WL 877451, at *1-2 (Bankr. S.D. Tex. Feb.

26, 2015) (citing to *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008)); *see also Randall D.

Wolcott, M.D., P.A. v. Sebelius*, 497 F. Appx. 400, 404 (5th Cir. 2012) (citing to *Crowe v. Henry*,

115 F.3d 294, 296 (5th Cir. 1997)), which states that "A factual dispute is 'genuine,' if the

evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party.").  In other words, the non-movant bears the burden of showing a genuine dispute through specific evidence, which includes the requirement that the non-movant demonstrate to the court "the manner in which that evidence supports [their] claim."  *Id.* at *3 (citing to Fed. R. Civ. P. 56(c)(1)); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004)).  The burden shifts to the non-movant only if the movant should meet its burden of demonstrating the "absence of any genuine issues of material fact," at which time the non-moving party must "establish that there is a genuine issue of material fact in dispute."  *Condrey v. SunTrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005) (citing to *Celotex*, 477 U.S. at 322).  If a party fails to establish "the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" then Rule 56(c) requires that summary judgment be granted against that party.  *Celotex*, 477 U.S. 317, 322 (1986).

## V.  Conclusions of Law

### A. Jurisdiction and Venue

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provisions that "the district courts shall have original and exclusive jurisdiction of all cases under title 11" and "all civil proceedings arising under title 11, or arising in or related to cases under title 11."  *See also* 28 U.S.C. § 157(a); *see, e.g.*, In re: Order of Reference to Bankruptcy Judges, General Order 2012-6 (S.D. Tex. May 24, 2012).  Section 157 provides that bankruptcy judges may issue final orders or judgments where the matter is determined to be core, which includes "matters concerning the administration of the estate." 28 U.S.C. § 157(b)(2); *see also Bass v. Denney (In re Bass)*, 171 F.3d 1016, 1022 (5th Cir. 1999).  A bankruptcy court has jurisdiction over

interpretations of the confirmation order and matters that were provided for by the debtor's plan of reorganization. *In re Craig's Stores of Texas, Inc.*, 266 F.3d 388, 391 (5th Cir. 2001) (citing *In re Case*, 937 F.2d 1014 (5th Cir. 1991)), where the Fifth Circuit "held that a post-confirmation dispute over a promissory note provided for in the debtor's reorganization plan was a core proceeding …"); *see also Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151–54 (2009). This Court has jurisdiction over these matters pursuant to §§ 157(b)–(c).   *In re Craig's Stores of Texas, Inc.*, 266 F.3d at 391.

This Court may only hear a case in which venue is proper. Venue with respect to cases under title 11 or arising in or related to cases under title 11 is governed by 28 U.S.C. § 1409, which designates that venue may hold wherever "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." La Fuente's bankruptcy case was pending before this Court, pursuant to 28 U.S.C. § 1408, at the time this Adversary Proceeding commenced. Bankr. ECF No. 1. Therefore, venue is proper.

**B. Constitutional Authority to Enter a Final Order**

This Court also has an independent duty to evaluate whether it has the constitutional authority to sign a final order. *See generally Stern v. Marshall*, 564 U.S. 462 (2011). However, Article III will be satisfied where parties knowingly and voluntarily consent to the bankruptcy court's power to issue final judgments. *Wellness Int'l Network v. Sharif*, 135 S. Ct. 1932, 1938–39 (2015) (holding that parties may consent to jurisdiction on non-core matters).

The matter at bar arises from a dispute over the res judicata effect of the Confirmation Order and the Plan's provisions regarding the claim scheduled as held by Palmetto, as "[c]ollecting for Medicare." *Compare* ECF No. 36 *with* ECF No. 37. The "confirmation of

plans" is squarely a core matter pursuant to § 157(b)(2)(L) and it follows that the interpretation of orders confirming a plan is as well. *In re Craig's Stores of Texas, Inc.*, 266 F.3d at 391; *In re Case*, 937 F.2d at 1019–20.

### C.  Res Judicata Effect of the Plan

The instant case presents two questions:  first, whether actual notice to an agent of the creditor is sufficient to satisfy the requirement of actual notice to known creditors, and second, whether notice solely of the commencement of the case is sufficient to bind creditors.

An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.  The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance.  But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met the constitutional requirements are satisfied.  *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314–15 (1950).  The Court must analyze the particular facts of each case and determine whether the method used to notify an individual was reasonably certain to inform the individual of a proceeding that could affect his rights.  *In re Kendavis Holding Co.*, 249 F.3d 383 (5th Cir. 2001).

The level of notice required by due process depends on whether a creditor is "known" or "unknown."  *In re Placid Oil Co.*, 753 F.3d 151 (5th Cir. 2014).  A debtor must provide actual notice to all "known creditors" in order to discharge their claims.  *Id.*  HHS was a known creditor in La Fuente's Chapter 11 case.  Bankr. ECF No. 1 at 32.

### 1.  Notice to an Agent

It is a fundamental rule of agency law that notice to the agent constitutes notice to the principal. *Minter v. Great Am. Ins. Co. of NY*, 423 F.3d 460 (5th Cir. 2005). If an agent's acts are within the scope of his authority, then notice to the agent of matters over which the agent has authority is deemed notice to the principal. *In re Wyly*, 552 B.R. 338, 419 (Bankr. N.D. Tex. 2016) (citing to *Preston Farm & Ranch Supply, Inc. v. Bio–Zyme Enterprises*, 625 S.W.2d 295 (Tex. 1981)).

This Court has found no reported authority directly addressing the question of whether notice provided to an agent of a creditor provides constitutionally adequate notice of the filing of a bankruptcy case. There is some persuasive authority involving the application of § 523(a)(3) to determine whether a claim is discharged.[9] Several courts have determined that notice was constitutionally adequate for the purposes of § 523(a)(3) where the debtor provided notice of the filing of the case to an attorney who represented a creditor prepetition. *See In re Schicke*, 290 B.R. 792 (10th Cir. BAP 2003); *In re Griggs*, 306 B.R. 660 (Bankr. W.D. Mo. 2004); *In re Namasyule*, 300 B.R. 100 (Bankr. D.C. 2003); *In re Linzer*, 264 B.R. 243 (Bankr. E.D.N.Y. 2001); *Slaiby v. Rassman (In re Slaiby)*, 57 B.R. 770 (D.N.H. 1985).[10] There is no dispute that Palmetto was HHS' agent, and received notice of the commencement of the case. Bankr. ECF

---

[9] Section 523(a)(3) provides for an exception to discharge for debts:
    (3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit -
        (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
        (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.

[10] The instant case is distinguished from *In re Faden*, 170 B.R. 304 (Bankr. S.D. Tex. 1994) in that the dispute in that case centered on whether the purported agent was in fact an agent. In the instant case, there is no dispute that Palmetto was HHS' agent.

No. 1 at 47.  HHS was required by statute to include in its Medicare Administrative Contractor contract with Palmetto a provision requiring Palmetto to furnish to HHS "such timely information and reports as the Secretary may find necessary in performing his functions under [Medicare]."  *See* 42 U.S.C. § 1395kk-1(b)(4)(A). The Court concludes that HHS, through Palmetto, received notice of the commencement of the case.  *See In re Wyly*, 552 B.R. at 419.

### 2.  Notice Solely of Commencement of the Case

Confirmation orders in bankruptcy proceedings are final judgments that have a binding effect on the parties involved.  *United Student Aid Funds, Ins. v. Espinosa*, 559 U.S. 260, 269, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010).  In *Espinosa*, a Chapter 13 case, the Supreme Court held that a final order confirming a plan is binding upon parties who received notice of the plan's application to them and failed to timely object to or appeal confirmation.  The Supreme Court stated:

> Given the Code's clear and self-executing requirement for an undue hardship determination, the Bankruptcy Court's failure to find undue hardship before confirming Espinosa's plan was a legal error. *See* Part III, *infra*. But the order remains enforceable and binding on United because United had notice of the error and failed to object or timely appeal.

*Espinosa,* 559 U.S. at 275.

With respect to the avoidance of liens held by a secured creditor, the Fifth Circuit has held that, in addition to notice, due process requires participation by the creditor in order to bind the creditor.  *In re S. White Transp., Inc.*, 725 F.3d 494 (5th Cir. 2013).  Participation requires more than mere passive receipt of effective notice.  *Id.*

This Court has noted, without deciding, that an unsecured creditor that files a proof of claim and receives notice can be found to have participated in the bankruptcy process and therefore have no viable claim on a prepetition debt extinguished by the debtor's plan of

reorganization.  *See In re Treyson Dev., Inc.*, 2016 WL 1604327, at \*13 (Bankr. S.D. Tex. Apr. 16, 2016).  This Court has not previously addressed whether, in the absence of participation, an unsecured creditor is bound by passive receipt of notice.

The rationale underlying the Fifth Circuit's holding in *In re S. White Transp., Inc.* was developed in its previous jurisprudence regarding the treatment of secured claims.  In *In re Simmons*, 765 F.2d 547 (5th Cir. 1985), the Fifth Circuit held that a plan which treated a secured claim as unsecured did not bind the creditor.  Rather, because a secured creditor generally may ignore the bankruptcy proceeding and look to the lien for satisfaction of the debt, the creditor was not bound to the plan treatment as an unsecured claim by reason of failing to object to confirmation of the plan.  *Id.*at 556–57.

That rationale does not apply to unsecured creditors.  Unsecured creditors lack security to which they can look outside of bankruptcy for resolution of their claims.  Instead, the jurisprudence regarding discharge of claims is most pertinent in the context of determining whether a plan binds an unsecured creditor.  In *Robbins v. Amoco Production Co.*, 952 F.2d 901 (5th Cir. 1992), the Fifth Circuit adopted an inquiry notice standard for unsecured creditors to avoid discharge of their claims:

> When the holder of a large, unsecured claim ... receives any notice ... that its debtor has initiated bankruptcy proceedings, it is under constructive or inquiry notice that its claim may be affected, and it ignores the proceedings to which the notice refers at its peril. "Whatever is notice enough to excite attention and put the party on his guard and call for inquiry, is notice of everything to which such inquiry may have led.  When a person has sufficient information to lead him to a fact, he shall be deemed to be conversant of it."

*Id.* at 908 (*quoting Lawrence Tractor Co. v. Gregory (In re Gregory)*, 705 F.2d 1118 (9th Cir. 1983)).

Thus, the question of whether notice solely of commencement of the case is sufficient to

bind HHS depends on whether HHS was required to participate in the case in order to be bound by the Plan.  Whether HHS was required to participate in the case beyond the passive receipt of notice in order to be bound depends on whether HHS' claim was a secured or unsecured claim.

HHS cites *In re Bram*, 179 B.R. 824 (Bankr. E.D. Tex. 1995) for the proposition that its asserted right of recoupment is neither a claim nor a debt because it gives no right to actual payment.  The Bankruptcy Code defines a "claim" as a:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

> "(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured;"

Congress intended by this language to adopt the broadest available definition of "claim." *Johnson v. Home State Bank*, 501 U.S. 78, 111 S. Ct. 2150, 115 L.Ed.2d 66 (1991).  A right to payment means nothing more nor less than an enforceable obligation.  *Id.*, *citing Penn. Dep't of Pub. Welfare v. Davenport*, 495 U.S. 552  110 S. Ct. 2126, 109 L.Ed.2d 588 (1990).  An alleged right to recoupment unquestionably is a "claim" within the meaning of the Code.  *See In re Kings Terrace Nursing Home and Health Related Facility*, 184 B.R. 200 (S.D.N.Y. 1995). As the moving party on its own motion, La Fuente has the burden to show effective notice of the Plan to HHS.  Fed. R Civ. P. 56(a).  La Fuente's summary judgment evidence on this question consists of Lopez' declaration that he notified Palmetto of La Fuente's bankruptcy by letter dated May 13, 2014, and the letter itself.  The Court has determined, above, that notice to Palmetto is imputed to HHS.  *See In re Wyly*, 552 B.R. at 419.  Neither Palmetto nor HHS filed a proof of claim.   The summary judgment evidence does not address whether HHS' asserted right to

recoupment was a secured or unsecured claim. Therefore, a genuine issue of material fact exists as to whether HHS' asserted right to recoupment is based on a secured or unsecured claim. Fed. R. Civ. P. 56(a). Thus, the Court must deny summary judgment to La Fuente on the issue of whether notice solely of the commencement of the case is sufficient to put HHS on inquiry notice to object to confirmation of the Plan. *See id.*

### D. HHS' Motion Is Not Properly Before This Court

HHS seeks a determination that La Fuente's receipt of reimbursement for postpetition services under its Medicare provider agreement is an integrated transaction with La Fuente's prepetition services. ECF No. 37. HHS has not filed an answer or counterclaim seeking such relief.

This Court has previously held that it has subject matter jurisdiction to determine if the Plan is binding on HHS and Palmetto. ECF No. 27 at 22. The Plan vested the property of the bankruptcy estate in the Reorganized Debtor on the Effective Date. Bankr. ECF No. 30. However, to the extent the Plan is not binding on HHS, its right to recoupment, if any, would lie against the Reorganized Debtor, rather than the long-closed bankruptcy estate. This Court lacks statutory subject matter jurisdiction to grant HHS the relief it seeks. *See* 28 U.S.C. § 1334(b); *see also Bass v. Denney (In re Bass)*, 171 F.3d 1016 (5th Cir. 1999).[11] Thus, the Court must deny HHS' motion for summary judgment. *See* Fed. R. Civ. P. 56(a).

### VI. Conclusion

Pending before this Court are dueling motions for summary judgment, which require this

---

[11] In *Bass*, the holders of a nondischargeable judgment against the debtor filed suit in the court where the bankruptcy had been pending against the trustees of a spendthrift trust of which the debtor was a beneficiary. The Fifth Circuit vacated for lack of subject matter jurisdiction an order requiring the trustees to give 72 hours' notice of any distributions to the debtor, holding that the collection of the plaintiffs' nondischargeable judgment was not related to the debtor's bankruptcy estate, because it could have no conceivable effect on the bankruptcy estate or its administration. 171 F.3d, at 1022-1023.

Court to determine whether there are any genuine issues of material fact preventing this Court from ruling in favor of either Plaintiff or Defendant. *See* Fed. R. Civ. P. 56. Based on the foregoing, the Court finds that a genuine issue of material fact exists and therefore La Fuente's motion for summary judgement, ECF No. 36, must be denied. *See id.* Additionally, this Court finds that it lacks the subject matter jurisdiction to grant HHS the relief it seeks in its motion for summary judgment, ECF No. 37, which therefore must be denied. *See* § 1334(b). Accordingly, this Court finds that the dueling motions for summary judgment, ECF Nos. 36, 37, should be denied.

An Order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED 06/06/2018.

_____
Eduardo V. Rodriguez
United States Bankruptcy Judge